MEMORANDUM **
Gurpreet Singh, a native and citizen of India, petitions for review of a final deci *400 sion issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge’s (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We grant the petition and remand for further proceedings.
Singh sought to establish his eligibility for relief from removal by testifying he was persecuted and tortured in India because of his religion and political activities. Specifically, he testified he is a Sikh who was active in the Shiromani Akali Dal Mann — a political party in India. He contends that although he had only minor involvement with the party, he was nonetheless arrested, detained and tortured by local police on three separate occasions.
The IJ determined that Singh was not credible because of discrepancies between his testimony and statements he made to an asylum officer during his initial asylum interview.[1] First, the IJ found it material that Singh testified he was arrested approximately one and a half kilometers from his village, but told the asylum officer it was three kilometers. Second, the IJ noted Singh testified that after his second arrest he was slapped, kicked, and punched in the stomach, but he told the asylum officer “his legs had also been stretched.” Third, the IJ noted Singh testified that an election took place on February 17, 2000, but the asylum officer wrote in his notes that the election occurred on January 17, 2000. Fourth, the IJ cited Singh’s testimony that his first arrest was at his home at midnight, but the asylum officer’s notes indicate it occurred there at 5:00 in the morning. Finally, the IJ observed that Singh testified his third arrest was in the morning, but the officer’s notes state it occurred in the evening. The IJ concluded that “[f]or the foregoing reasons ... [Singh’s] testimony is not credible.”
We conclude the cited discrepancies “are neither substantial nor go to the heart of [Singh’s] claims of past persecution.” See Morgan v. Mukasey, 529 F.3d 1202, 1207 (9th Cir.2008). Discrepancies in times and dates that have no meaningful bearing on an applicant’s claims of persecution cannot be used to support an adverse credibility finding. See Quan v. Gonzales, 428 F.3d 883, 887 (9th Cir.2005) (noting minor discrepancies in dates that cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility); Zheng v. Ashcroft, 397 F.3d 1139, 1147 (9th Cir.2005) (noting a discrepancy in hours is a minor inconsistency that cannot support an adverse credibility finding). Similarly, how far from the village Singh was arrested is not material to his claim of persecution. See Ban-dari v. INS, 227 F.3d 1160, 1166 (9th Cir.2000) (“A minor inconsistency in identifying the location of a person’s persecution, in light of other consistent testimony, cannot form the basis of an adverse credibility finding.”).
Finally, although the omission of a type of torture an alien suffered may be relevant and material to credibility, the record *401 here indicates that Singh’s testimony was actually consistent with the questions posed. He testified he was beaten twice during his three-day detention after his second arrest. On cross-examination, he was asked about the first beating and responded that he was beaten with sticks and leather belts and he was slapped and kicked in the stomach. Singh was then asked if he remembered telling the asylum officer “that they stretched your legs apart.” Singh responded “yes, sir” and then explained the leg stretching occurred during the second beating and not the first. On redirect, he again clarified that the leg torture occurred during the “second day when they beat me [the] second time.”
We remand for further proceedings. See Yan Xia Zhu v. Mukasey, 537 F.3d 1034, 1045-46 (9th Cir.2008) (explaining when a remand is required); see also INS v. Orlando Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (noting “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation”). On remand, the agency should also consider whether Singh is eligible for withholding of removal and CAT relief. See Kara-petyan v. Mukasey, 543 F.3d 1118, 1129 (9th Cir.2008) (remanding withholding of removal and CAT claims because of IJ’s “faulty conclusion that [petitioner] had failed to meet the more lenient standard for asylum relief’).
PETITION FOR REVIEW GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. An asylum officer “meets informally with the applicant, considers the documents presented with the asylum application, then decides whether asylum should be granted or whether the matter should be referred to an IJ for formal adjudication.” See Barahona-Gomez v. Reno, 236 F.3d 1115, 1120 (9th Cir.2001). We have reasoned that “[cjertain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination.” ,Singh v. Gonzales, 403 F.3d 1081, 1087 (9th Cir.2005). For that reason, the work product of an asylum officer, “standing alone, is not substantial record evidence supporting the IJ’s adverse credibility” finding. Id. at 1090. We do not rule on that ground, however, because we conclude for another reason that substantial evidence does not support the IJ’s credibility finding.